## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VICTORIA WALDRON, | Case No. 2:26-cv-1058 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR PERSONAL INJURIES AND PRODUCTS LIABILITY** |
| STUMPTOWN COFFEE CORP., a Delaware corporation, dba STUMPTOWN COFFEE ROASTERS, | |
| Defendant. | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. This is a personal injury and products liability action arising out of a preventable explosion and burn incident that occurred aboard an Alaska Airlines flight on or about April 1, 2024, approximately thirty (30) minutes before landing at Phoenix, Arizona. Plaintiff Victoria Waldron, a flight attendant, sustained serious and permanent thermal burns to her chest and other areas of her body when an onboard coffee maker catastrophically failed in the aircraft galley, expelling scalding hot coffee, coffee grounds, and boiling water with explosive force.

2. The failure was not an isolated accident. As documented by the Association of Flight Attendants-CWA, AFL-CIO (AFA), at least nine (9) flight attendants had been burned in

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 1 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

virtually identical incidents prior to the date of Plaintiff's injury. The AFA had publicly identified the new coffee packaging supplied by Defendant Stumptown Coffee Corp. dba Stumptown Coffee Roasters as a suspected contributing cause of the explosions as early as February 20, 2024, more than forty (40) days before Plaintiff was burned.

3.      Defendant Stumptown Coffee Corp. dba Stumptown Coffee Roasters ("Stumptown") began supplying its custom-packaged coffee product to Alaska Airlines effective December 1, 2023. Stumptown's packaging differed materially from the prior product it replaced. Despite conducting pre-launch altitude taste testing, Stumptown failed to design, test, or validate its packaging for safe performance in commercial airline galley coffee makers under the pressurized, high-heat conditions present during flight. When the packaging interacted with the existing onboard coffee makers, the result was explosive failure and serious injury.

4.      Stumptown had actual or constructive notice of the packaging-related injury pattern no later than February 20, 2024, when the AFA publicly linked its packaging to nine documented burn injuries. Despite that notice, Stumptown continued supplying the same packaging without correction, without warning, and without any action to prevent further injuries. Plaintiff Victoria Waldron was burned as a direct result.

## II. PARTIES

5.      Plaintiff Victoria Waldron is an individual and a citizen of the State of Washington. At all times relevant to this action, Ms. Waldron was a flight attendant aboard an Alaska Airlines flight on or about April 1, 2024.

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 2 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

6. Defendant Stumptown Coffee Corp. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Portland, Oregon. Stumptown is a specialty coffee roaster and retailer that entered into a commercial supply agreement with Alaska Airlines effective December 1, 2023, to supply a custom coffee blend for service aboard Alaska Airlines and Horizon Air flights. Stumptown designed, packaged, marketed, and sold the coffee product that was loaded and brewed on the subject flight.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of Washington; Defendant Stumptown Coffee Corp. is a citizen of Delaware.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District, including Stumptown's commercial dealings with Alaska Airlines, which is headquartered in Seattle, Washington, and Stumptown's supply of coffee products for distribution on flights originating from Seattle-Tacoma International Airport.

9. This Court has personal jurisdiction over Stumptown Corp. because Stumptown is incorporated in Delaware, headquartered in Portland, Oregon and regularly transacts substantial business in the State of Washington; Stumptown entered into a commercial supply agreement with Alaska Airlines, a Washington corporation headquartered in Seattle; Stumptown supplies coffee products for distribution and consumption in Washington and on Alaska Airlines flights

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

originating from Washington; and Stumptown has purposefully availed itself of the privilege of conducting business in this District.

### IV. FACTUAL ALLEGATIONS

**A.      The Alaska Airlines-Stumptown Partnership and the Introduction of New Packaging**

10.      Prior to December 2023, Alaska Airlines served Starbucks-branded coffee aboard its flights pursuant to a long-term partnership. In or about late 2023, Alaska Airlines terminated its relationship with Starbucks and entered into a new commercial supply agreement with Stumptown. Stumptown developed a custom coffee blend intended for service at altitude, which became available on every Alaska Airlines and Horizon Air flight beginning December 1, 2023.

11.      Stumptown conducted pre-launch testing of its coffee blend for taste characteristics at altitude, including test brews aboard Alaska Airlines aircraft. On information and belief, however, Stumptown did not adequately design, test, or validate its coffee packaging for safe performance in commercial airline galley coffee makers under the pressurized, high-heat conditions present during commercial flight operations.

12.      Stumptown's coffee packaging was designed and produced for retail and food-service distribution at sea level. The packaging type, material, structure, and pressure tolerance differed materially from the prior Starbucks product it replaced. Unlike the prior product, which had been used aboard Alaska Airlines flights without the same pattern of explosive failures, Stumptown's packaging was not designed, tested, or validated for compatibility with the specific onboard coffee maker equipment in Alaska Airlines' fleet.

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 4 OF 13

13. Commercial aircraft cabins are pressurized to an equivalent altitude of approximately 6,000 to 8,000 feet during flight. The reduced ambient pressure, combined with the heat cycles of commercial galley brewing equipment, creates conditions materially different from those at sea level. These conditions place unique stresses on packaged coffee products during the brewing cycle, including increased internal pack pressure and altered behavior of packaging seals and materials.

**B.      The Pre-Incident Injury Pattern and Stumptown's Notice**

14. Shortly after the introduction of Stumptown coffee in December 2023, flight attendants aboard Alaska Airlines and Horizon Air flights began reporting burn injuries caused by explosive failures of the onboard coffee makers. The failure mechanism was consistent: the coffee maker would expel scalding hot coffee, coffee grounds, and/or boiling water with explosive force during or after the brewing cycle.

15. On or about February 20, 2024, the AFA published an official statement on its public website identifying at least nine (9) flight attendant burn injuries caused by the explosive expulsion of scalding coffee from onboard coffee makers aboard Alaska Airlines and Horizon Air aircraft. The AFA's statement expressly noted that the recent changeover in coffee packaging was "suspected" as a contributing cause of the failures, and called for the immediate removal of the affected coffee maker units from service.

16. On or about February 23, 2024, a flight attendant posted publicly that: after a brew cycle, she attempted to remove the coffee pack holder and it burst, spraying hot coffee

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 5 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

grounds and water, burning her wrist. She specifically attributed the incident to the new Stumptown packs.

17. On or about February 28, 2024, AFA MEC Vice President Brian Palmer confirmed publicly that the packaging was contributing to the problem and that the coffee makers needed to be removed from service immediately pending investigation.

18. The AFA's public statements, which expressly linked Stumptown's packaging to the injury pattern, were accessible to any member of the public. On information and belief, Alaska Airlines contacted Stumptown as part of its investigation into the coffee maker failures. Stumptown therefore had actual or constructive notice of the injury pattern and of its packaging's role as a contributing cause no later than February 20, 2024.

19. Despite such notice, Stumptown took no corrective action, issued no warning to Alaska Airlines, recalled no product, and continued to supply the same packaging to Alaska Airlines without modification for the remaining period before and including April 1, 2024. At least nine (9) individuals were burned by the same mechanism before Plaintiff was injured. Stumptown's failure to act after receiving actual notice rendered its continued supply of defective packaging particularly egregious.

**C.      The Incident and Plaintiff's Injuries**

20. On or about April 1, 2024, Plaintiff Victoria Waldron was a flight attendant aboard an Alaska Airlines flight approximately thirty (30) minutes before landing at Phoenix Sky Harbor International Airport, Arizona.

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 6 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

21.    During that flight, an onboard coffee maker in the aircraft galley suddenly and without warning failed catastrophically, expelling scalding hot coffee, coffee grounds, and boiling water with explosive force. The failure was caused by, or substantially contributed to by, the interaction of Stumptown's defective packaging with the galley brewing equipment.

22.    Plaintiff was struck by the expelled hot liquid and grounds, sustaining immediate and severe thermal burns to her chest and other areas of her body.

23.    At the time of the incident, Plaintiff was pregnant. She experienced immediate physical pain, distress, and fear for herself and her unborn child.

24.    Following the incident, Plaintiff has experienced a persistent and recurring heat-triggered rash and visible scarring on her chest that appears upon exposure to heat or sunlight. Photographic evidence of this scarring was documented at Plaintiff's baby shower in Arizona in 2025.

25.    Plaintiff suffers from permanent scarring that causes her emotional distress. Plaintiff will need ongoing dermatological evaluation, treatment, and potentially surgical or cosmetic intervention for the burn scarring.

## V. CAUSES OF ACTION

## COUNT I: PRODUCTS LIABILITY — DESIGN DEFECT AND FAILURE TO WARN

### (Washington Products Liability Act, RCW 7.72 et seq.)

### STUMPTOWN COFFEE ROASTERS, INC.

26.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

27.     At all relevant times, Stumptown Coffee Corp. was a "product seller" and, with respect to the design and packaging of its custom coffee product, a "manufacturer" within the meaning of Washington's Product Liability Act, RCW 7.72.010. Stumptown is engaged in the business of selling and distributing packaged coffee products, and the packaged coffee product involved in Plaintiff's injury reached Plaintiff without substantial change in its condition from when it left Stumptown's control.

28.     The packaged coffee product was defective in design within the meaning of RCW 7.72.030(1)(a). Applying Washington's risk-utility balancing test, the foreseeable risks of harm posed by the packaging design outweighed its utility. Specifically:

(a) Stumptown's packaging type, material, structure, and/or pressure tolerance was unsuitable for use in commercial airline galley coffee makers operating in pressurized aircraft at altitude;

(b) The differential pressure conditions at cruising altitude, combined with the heat cycles of commercial galley brewing equipment, caused Stumptown's packaging to behave in a materially dangerous manner not present in ground-level commercial or consumer brewing environments — including the buildup of internal pack pressure leading to explosive seal failure and ejection of scalding contents;

(c) Stumptown failed to design, test, or validate its packaging for the specific pressure, heat, and equipment conditions present in commercial airline galleys, despite knowing that its product would be brewed exclusively in commercial aircraft using existing galley equipment; and

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 8 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

(d) Safer, technically and economically feasible alternative packaging designs existed at the time, including packaging specifically engineered for compatibility with commercial airline galley brewing equipment and conditions, that would have eliminated or substantially reduced the risk of explosive failure.

29.    The packaged coffee product was additionally or alternatively defective due to Stumptown's failure to provide adequate warnings or instructions to Alaska Airlines, its flight crew, or to passengers regarding:

(a) The risk of explosive pressure failure when Stumptown's packaged coffee product is used in commercial aircraft galley coffee makers operating at altitude;

(b) The need to test and validate the packaging for compatibility with commercial airline galley coffee makers before deployment; and

(c) The material differences between Stumptown's packaging and the prior coffee product it replaced, and the risk that those differences could adversely interact with existing onboard coffee maker equipment.

30.    Had Stumptown provided adequate warnings, Alaska Airlines would have had the opportunity to test the packaging for compatibility, specify safe packaging requirements, substitute a compliant product, or suspend coffee service — all of which would have prevented Plaintiff's injury.

31.    Stumptown had actual or constructive notice, no later than February 20, 2024, that its coffee packaging was a suspected contributing cause of at least nine (9) documented burn injuries aboard Alaska Airlines flights. The packaging issue was publicly identified on the AFA's

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 9 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

website and attributed directly to the new Stumptown product. Despite this notice, Stumptown failed to withdraw, recall, modify, or warn, and continued supplying the same defective packaging. Plaintiff was injured on April 1, 2024 — more than forty (40) days after Stumptown first had notice of the hazard.

32.     As a direct and proximate result of the defective design and failure to warn by Stumptown, Plaintiff Victoria Waldron suffered the injuries and damages described herein.

## COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

### STUMPTOWN COFFEE ROASTERS, INC.

33.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

34.     In selling and supplying its packaged coffee product to Alaska Airlines, Stumptown impliedly warranted, pursuant to RCW 62A.2-314, that the product was merchantable — i.e., that it was fit for the ordinary purposes for which such goods are used, including being brewed safely and served aboard commercial airline flights.

35.     Stumptown further impliedly warranted, pursuant to RCW 62A.2-315, that its coffee product was fit for the particular purpose for which it was supplied — specifically, to be brewed in commercial aircraft galley coffee makers at altitude — a purpose of which Stumptown was fully and expressly aware, given that it designed and supplied the product exclusively for Alaska Airlines' inflight use.

36.     Stumptown's packaged coffee product was not fit for the ordinary purpose for which it was sold or for the particular purpose for which it was supplied. The packaging was

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 10 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

incompatible with commercial aircraft galley coffee maker conditions, resulting in explosive failure during normal brewing operations and causing serious injury to Plaintiff.

37.     Plaintiff, as a flight attendant on the Alaska Airlines flight on which the Stumptown product was served, was a person whom Stumptown might reasonably have expected to be affected by the product and is therefore entitled to the protection of these implied warranties under Washington law.

38.     As a direct and proximate result of Stumptown's breach of implied warranties, Plaintiff suffered the injuries and damages described herein.

## VI. DAMAGES

39.     As a direct and proximate result of Defendant Stumptown's defective product design, failure to warn, and breach of implied warranties, Plaintiff Victoria Waldron has suffered and continues to suffer the following damages:

(a)  Past, present, and future physical pain and suffering;

(b)  Severe thermal burns to her chest and other areas of her body;

(c)  Permanent scarring and disfigurement, including visible, heat-triggered scarring of the chest expected to continue indefinitely;

(d)  Emotional distress, psychological suffering, and anxiety — particularly acute given Plaintiff's pregnancy at the time of the incident;

(e)  Past, present, and future medical expenses, including anticipated dermatological evaluation and treatment, burn scar treatment, and cosmetic or reconstructive procedures;

(f)  Past and future lost earnings and lost earning capacity;

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 11 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

(g) Loss of enjoyment of life;

(h) Interference with occupational, social, recreational, and familial activities; and

(i) Such other and further damages as are proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victoria Waldron respectfully prays for judgment against Defendant Stumptown Coffee Corp. dba Stumptown Coffee Roasters as follows:

A. For compensatory damages in an amount to be proven at trial, including all past, present, and future economic and non-economic damages;

B. For all allowable medical expenses, past and future;

C. For lost wages and diminished earning capacity, past and future;

D. For general damages for pain, suffering, disfigurement, disability, and loss of enjoyment of life;

E. For prejudgment interest as allowed by law;

F. For costs of suit and attorneys' fees to the extent allowed by law; and

G. For such other and further relief as the Court deems just and equitable.

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Victoria Waldron hereby demands a trial by jury on all issues so triable.

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 12 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

DATED: March 27, 2026

Respectfully submitted,
CHOATE LAW FIRM LLC

By: _/s/ Mark Choate_____
Mark Choate, WSBA 43049
Jon Choate, WSBA 53690
Choate Law Firm LLC
Tel: (907) 586-4490
lawyers@choatelawfirm.com

Attorneys for Plaintiff Dek Issa

COMPLAINT FOR PERSONAL INJURIES
AND PRODUCTS LIABILITY
*WALDRON V. STUMPTOWN,* NO. 2:26-CV-1058
PAGE 13 OF 13

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com